IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAUNDRA SEMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CV-2982-SMY |
| | ) |
| AUTOPROTECT USA, LLC, RALPH HELLRUNG, and CARGUARD ADMINISTRATION, INC., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Saundra Semon originally filed this consumer fraud action in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. Defendant AutoProtect USA, LLC removed the case to this court, asserting diversity citizenship jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 1).

Now pending before the Court is Plaintiff's Motion to Remand and For Attorneys' Fees for Wrongful Removal (Doc. 18). AutoProtect responded in opposition to the motion (Doc. 29).[1] For the following reasons, the motion is **GRANTED** in part.

## Background

On September 16, 2022, Plaintiff filed a Complaint under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), which prohibits "unfair or deceptive acts or practices . . . in the conduct of any trade or commerce." 815 ILCS 505/2 (Doc. 1-2, pp. 2-5). Plaintiff initially amended the Complaint on October 4, 2022 (Doc. 1-2, pp. 6-9). On November 3, 2022,

---

[1] Plaintiff filed a reply without leave of court (Doc. 31), which AutoProtect moved to strike (Doc. 32) before Plaintiff sought leave to do so (Doc. 33). For exceptional circumstances shown, Plaintiff's motion for leave to file a reply is **GRANTED**.

Plaintiff a Second Amended Complaint asserting the same ICFA claim against the defendants (Doc. 1-2, pp. 18-21).

Plaintiff alleges that she received a deceptive advertisement that gave the false impression of being from her car dealer or manufacturer and claimed that she may need coverage to avoid a lapse of a warranty for her new 2022 vehicle (Doc. 1-2, p. 20). She alleges that she is entitled to treble damages, costs, and attorneys' fees, but does not specify the amount. *Id.*[2]

## Discussion

"Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing jurisdiction in the federal court. *See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997). The statute is construed narrowly, with doubts concerning removal resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). If the district court lacks jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c). Here, Plaintiff argues the case must be remanded because one of the defendants did not consent to removal as required, the removal was untimely, and the amount of controversy does not exceed $75,000.

Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over civil actions for which the amount in controversy exceeds the sum or value of $75,000 and complete diversity of citizenship exists. The Court evaluates the $75,000.00 amount-in-controversy requirement based

---

[2] Although not explicitly pleaded, Plaintiff asserts in her motion that, in response to the allegedly deceptive mail advertisement, she purchased a $3,000 contract (Doc. 18, p. 6).

on the amount in controversy at the time of removal. *See, Oshana v. Coca-Cola Co.,* 472 F.3d 506, 510-11 (7th Cir. 2006).

Plaintiff's individual actual damages for receiving a deceptive mail advertisement and consequently purchasing a $3,000 contract, potential treble damages, and attorneys' fees incurred at the pleading stage simply cannot amount to $75,000. Plaintiff does not allege that she lost more than $3,000 as a result of the allegedly deceptive mail advertisement, which even if tripled would only amount to $9,000. And although AutoProtect asserts that the Court should consider the value of Semon's new car, she does not claim the vehicle was damaged in any way. *See*, *Benson v. Fannie May Confections Brands, Inc.,* 944 F.3d 639, 647 (7th Cir. 2019). Likewise, while AutoProtect suggests that punitive damages could push the case over the jurisdictional threshold, Plaintiff does she seek punitive damages in the Second Amended Complaint. Simply put, while AutoProtect may satisfy its burden to establish the jurisdictional amount through a good faith estimate, it may not do so via speculation or creative damage theories unsupported by law.[3]

"[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.,* 546 U.S. 132, 141 (2005). While the Court rejects AutoProtect's damage estimate, it does not find that it lacked an objectively reasonable basis to seek removal. As such, this Court declines to award Plaintiff attorneys' fees and costs.

## Conclusion

Plaintiff's motion for remand is **GRANTED**. This Court lacks subject matter jurisdiction over this matter and is therefore obligated to **REMAND** the case back to the Circuit Court of the

---

[3] Because Defendant fails to establish an amount in controversy in excess of $75,000, it is not necessary for the Court to address Plaintiff's contentions regarding lack of consent to removal and timeliness of removal.

Twentieth Judicial Circuit, St. Clair County, Illinois.  28 U.S.C. § 1447(c).  All pending motions are terminated as **MOOT**.  The Clerk of Court is **DIRECTED** to close this case.

    **IT IS SO ORDERED.**

    **DATED:  February 13, 2023**

                                       **STACI M. YANDLE**
                                       **United States District Judge**